UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-12 LOKESH TAYAL

Defendant.
_______________________________________/

Case No. 11-20468-12

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL [596]**

Defendant Lokesh Tayal moves for judgment notwithstanding the verdict or for a new trial following a conviction by jury of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. For the reasons stated below, Defendant's Motion for Judgment of Acquittal is DENIED.

**Procedural and Factual Background**

Beginning on July 3, 2012, a jury trial was held in which Defendant Lokesh Tayal was tried, along with six other defendants, for conspiracy to commit health care fraud. On August 10, 2012, the jury found Defendant Lokesh Tayal guilty of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. Five co-defendants were also found guilty of conspiracy to commit health care fraud: Babubhai Patel, Komol Acharya, Ashwini Sharma, Viral Thaker, and Brijesh Rawal. The jury was unable to reach a verdict with respect to co-defendant Harpreet Sachdeva.

On October 6, 2012, Defendant Tayal filed the instant Motion for Judgment of Acquittal [596]. On January 7, 2013, Defendant Tayal filed a Motion to Amend [673] his Motion for Judgment of Acquittal, incorporating a Motion to Reconsider [669] filed by his co-Defendant Babubhai Patel.

**Standard**

Federal Rule of Criminal Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal. In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). If any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, the motion must be denied. "All reasonable inferences must be drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518. When evaluating the evidence in a Rule 29 motion, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993)).

**Analysis**

Defendant Tayal advances several arguments:

**Lack of Evidence**

First, Defendant Tayal suggests that the Government advanced no evidence from which a rational trier of fact could conclude beyond a reasonable doubt that Defendant "knowingly and willfully" joined the conspiracy alleged in the indictment.

In response, the Government notes the following pieces of evidence:

- Arpitkumar Patel testified that Defendant Tayal told him that Detroit Care Home gave business to Tayal's pharmacy, Grand River Pharmacy, because Babubhai Patel

paid the owner $10,000 a year. In turn, Tayal engaged in billing but not dispensing drugs for Detroit Care Home.

- Testimony from Arpitkumar Patel, Lavar Carter, and Pinakeen Patel established that Defendant Tayal engaged in billing but not dispensing drugs with the Visiting Doctors of America, who Babubhai Patel was also involved with.
- Wiretapped phone calls between Defendant Tayal and Babubhai Patel, contrary to Defendant's assertion that they contained discussion of "routine business operations," involved discussion of "Marcus," the owner of a home health care business that provided patients to Tayal. Patel indicated he could get Marcus to provide Tayal with 70 additional patients. Marcus was later raided by the FBI, prompting a conversation in which Tayal and Patel agreed that "nobody can touch" the pharmacy.

Taking all of the evidence together, viewed in the light most favorable to the Government and drawing all reasonable inferences in favor of the jury's verdict, a rational trier of fact could have found that the evidence establishes beyond a reasonable doubt that Defendant Tayal knowingly and willingly entered into a conspiracy to commit health care fraud by billing and not dispensing medications as part of an overall scheme overseen by Babubhai Patel.

**Variance from Indictment**

Second, Defendant argues that the Government's proofs at trial varied from the indictment in failing to prove one overarching conspiracy but rather demonstrated a number of separate conspiracies joined by a "hub" in the form of Babubhai Patel. Defendant argues that this case is therefore similar to *Kotteakos v. United States*, 328 U.S. 750, 765 (1946).

*Kotteakos* involved a number of fraudulent housing loan applications submitted by a common broker, where each individual applicant had no contact or knowledge of the other. Here, Babubhai Patel was not the hub or a mere common link of independent illegal activity, but was alleged to have overseen a large conspiracy involving multiple pharmacies and co-Defendants. Evidence at trial established that Defendant Tayal was aware of the roles of Babubhai Patel, Arpitkumar Patel, Pinakeen Patel, and Lavar Carter, and also was involved with entities that helped perpetrate the conspiracy such as Detroit Home Care and Visiting Doctors of America. The Court therefore finds this case quite different from *Kotteakos*, as there was sufficient evidence to place Defendant Tayal within the heart of the larger conspiracy.

**Access to Attorney-Client Conversations**

Third, Defendant argues that he should be granted a new trial because the Court denied a joint motion by several Defendants for access to wiretapped conversations between Defendant Babubhai Patel and his business attorney, Christopher Pencak. These conversations were not used by the government as they were deemed by a government "filter team" to not fall within any exception to attorney-client privilege. Magistrate Judge Majzoub also conducted *in camera* review of the wiretapped calls and concluded that they contained no exculpatory evidence and did not fall into any exception of attorney-client privilege. Defendant suggests that evidence that "separate[d]" Tayal from Babubhai Patel would have been exculpatory; however, as noted above, review by Magistrate Majzoub determined that there was no exculpatory evidence to be found within the privileged calls.

**Additional Claims Made in Motion to Amend**

Defendant makes a Motion to Amend [673] his Motion for Judgment of Acquittal, arguing that newly-discovered evidence indicates that the Government's forensic accountant presented

inaccurate information at trial related to the amounts paid by Grand River Pharmacy to McKesson Corporation, a provider of pharmaceuticals. Defendant Tayal posits that this alleged error would have made the income of Grand River Pharmacy "more closely within a range of what would otherwise appear to be an expected gross profit number . . ." of a typical pharmacy.

However, the evidence referenced by Defendant Tayal was available to his trial counsel and could have been used to cross-examine the Government's forensic accountant. Moreover, the high profits of Grand River Pharmacy was a minor piece of evidence presented to the jury regarding Tayal's involvement in the conspiracy to commit health care fraud. As noted above, there were a number of pieces of evidence that connected Defendant Tayal to the conspiracy and were sufficient for a rational trier of fact to conclude that all elements of the crime of conspiracy to commit health care fraud had been proven beyond a reasonable doubt.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion to Amend [673] is **GRANTED**. Defendant's Motion for Judgment of Acquittal [596] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

Dated: January 29, 2013